IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

KATHLEEN ABBATIELLO,

          Debtor

CASE NO. 5:12-bk-01453 RNO

CHAPTER 7

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

KATHLEEN ABBATIELLO,

          Plaintiff

v.

THE NATIONAL COLLEGIATE TRUST,

          Defendant

ADVERSARY NO. 5:12-ap-00178-RNO

# OPINION[1]

Presently pending before the Court is a Motion for Judgment on the Pleadings filed by the Debtor/Plaintiff, Kathleen Abbatiello ("Abbatiello" or "Plaintiff"). For the reasons stated herein the Motion is denied.

**I.    Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

---

[1] Drafted with the assistance of Joseph C. Barsalona II, Esq., Law Clerk.

## II. Facts and Procedural History

On March 14, 2012, Abbatiello filed a petition under Chapter 7 of the Bankruptcy Code. Three months later, on June 14, 2012, she commenced this adversary proceeding against The National Collegiate Trust ("NTC" or "Defendant"). Plaintiff brought this Adversary Proceeding seeking discharge of her student loan debt as an undue hardship pursuant to 11 U.S.C. § 523(a)(8).[2] An Amended Complaint was filed on July 5, 2012 seeking the same relief.

In her Amended Complaint, Plaintiff alleges that her income is limited to pension and disability payments. Because of her disability, she claims, Plaintiff has "no reasonable expectation to be able to have any improvement in her situation." Pl.'s Am. Compl. ¶ 8. Furthermore, Plaintiff alleges her income is fixed and that paying her student loan debt would preclude her from having a minimal standard of living. Pl.'s Am. Compl. ¶ 9. Finally, Plaintiff alleges that she has made good faith efforts towards repaying the debt. Pl.'s Am. Compl. ¶ 9.

The NTC filed its answer on August 6, 2012. Along with general admissions and denials, Defendant used the following response to most of the paragraphs of the Amended Complaint: "NCT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph [X]." *See* Def.'s Answer ¶¶ 3-6, 8-9.

Plaintiff responded by filing the instant Motion for Judgment on the Pleadings on August 29, 2012. She filed an accompanying Memorandum of Law in Support of Motion for Judgment on the Pleadings that same day. Defendant did not file a brief in opposition. Plaintiff later filed Initial Disclosures Pursuant to Bankruptcy Rule 7026 and Rule 26(a)(1) on October 12, 2012,

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C. § 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA").

stating that she possesses the following documentation: Federal tax returns; workman's compensation determination of disability; Social Security Administration determination of disability; and, records of past student loan payments. None of the documents themselves were filed with the Court, however. The matter is now ripe for disposition.

**III.    Discussion**

**A.    Standard to Decide a Motion for Judgment on the Pleadings Under F.R.B.P. 7012(c)**

Federal Rule of Bankruptcy Procedure 7012(c) incorporates, and makes applicable to bankruptcy adversary proceedings, Rule 12(c) of the Federal Rules of Civil Procedure ("F.R.C.P."). The Court may only grant a motion under Rule 12(c) "if 'the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law.'" *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F.Supp.2d 591, 595 (E.D.Pa. 2010) (citing *Sikirica v. Nationwide Insurance Company*, 416 F.3d 214, 220 (3d Cir. 2005)). Essentially, the Court uses a similar standard for judgment on the pleadings as it does for motions to dismiss under F.R.C.P. 12(b)(6). *Mobley v. Tarlini*, 641 F.Supp. 2d 430, 437 (E.D.Pa. 2009); *Constitution Bank v. DiMarco*, 815 F.Supp. 154, 157 (E.D.Pa. 1993). In so doing, the Court "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim of relief.'" *Sherzer v. Homestar Mortg. Services*, 849 F.Supp.2d 501, 504 (E.D.Pa. 2011) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To make this determination, the Court will look at the complaint, exhibits attached thereto, and all other items on the docket. *Buck v. Hampton Tp. School Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *Sherzer*, 849 F.Supp.2d at 504. Finally, the Court "view[s] the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."

*Caserta v. GEICO General Ins. Co.*, D.C. No. 2-11-cv-03537, 2012 WL 6604613, at *1 (3d Cir. Dec. 19, 2012) (citing *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

### B. Discharge of student loan debt under § 523(a)(8)

Section 523(a)(8) of the Bankruptcy Code reads:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
>
> > (8) unless excepting such debt from discharge under this paragraph would impose an *undue hardship* on the debtor . . .

11 U.S.C. § 523(a)(8) (emphasis added). The term "undue hardship" is not defined in the Code and so the duty of defining the test was left to the courts. In this Circuit, we rely on the seminal case of *In re Faish*, 72 F.3d 298 (3d Cir. 1995), which sets forth the appropriate three factor test:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period for student loans; and (3) that the debtor has made good faith efforts to repay the loans.

*Faish*, 72 F.3d at 304-05 (citing *Brunner v. New York State Higher Educ. Servs. Corp.*, 831 F.2d 395, 396 (1987)). Student-loan debtors bear the burden of establishing each of the three elements of the test by a preponderance of the evidence and "all three elements must be satisfied individually before a discharge can be granted." *Faish*, 72 F.3d at 306; *In re Rumer*, 469 B.R. 553, 563 (Bankr. M.D.Pa. 2012).

The first factor requires the Debtor to prove that she is unable to maintain a minimal standard of living for herself and for any of her dependents. *Rumer*, 469 B.R. at 564. "The proper inquiry is whether it would be unconscionable to require the debtor to take any available

4

steps to earn more income or to reduce her expenses." *Rumer*, 469 B.R. at 564 (quoting *In re Shankwiler*, 208 B.R. 701, 705 (Bankr. C.D.Cal. 1997) (internal citations and quotations omitted)).

Plaintiff fails to meet her burden based on the record before me and, therefore, her Motion is denied. The Amended Complaint makes broad statements about the Debtor's finances without providing the necessary factual or arithmetic support. For example, she states that her income is "limited to pension and disability income" yet does not state how much she receives from each provider on a monthly basis. Pl.'s Am. Compl. ¶ 6. Additionally, her statement that she "will not likely maintain her current standard of living", without any further explanation, fails to convince me that it would be unconscionable to require her to continue to pay off the loan.

Since the Court may review the entire docket when ruling on a motion for judgment on the pleadings, the statements in Plaintiff's Rule 26 Disclosure are applicable to the instant matter. *See Fisher v. Rite Aid Corp.*, 764 F. Supp. 2d 700, 702 (M.D.Pa. 2011) (in addition to complaint, court may consider "matters of public record, orders, and items appearing in the record of the case"). Plaintiff states in her Rule 26 Disclosure that she possesses documentation that can prove dischargeability under § 523(a)(8), including federal tax returns, payment records, and other financial information. Pl.'s Rule 26 Disclosure. Although this information would help in my determination, I cannot make a legal finding without reading the documents themselves. Conclusory statements that such documents exist, with nothing else, will not do. Hence, the Rule 26 Disclosure is not adequate to support the Plaintiff's legal claims.

A bankruptcy judge may take judicial notice of his or her own docket. *Steinman v.*

5

*Spencer (In re Argus Group 1700, Inc.)*, 206 B.R. 737, 742 (Bankr. E.D.Pa. 1996). Taking judicial notice may merely be a manner of simplifying the authentication of documents. Additionally, a bankruptcy judge may take judicial notice of the court records pursuant to Federal Rule of Evidence 201. However, the truth of the content of the records is not inferred by simply taking judicial notice of the record itself. *In re Harmony Holdings, LLC*, 393 B.R. 409, 413 (Bankr. D.S.C. 2008). The determination of adjudicative fact should be accomplished by considering admissible evidence.

Here, I will simply refer to two of the schedules filed by Abbatiello in the main Chapter 7 bankruptcy case. Schedule I – Current Income of Individual Debtor(s) shows a monthly income of $3,956.51. Schedule J – Current Expenditures of Individual Debtor(s) shows total monthly expenses of $3,699.50. Subtracting the total of Schedule J from Schedule I leaves a remainder of $251.01, i.e. net monthly income. At this stage of the proceeding, I make no finding, nor any law of the case, concerning the accuracy of any of these figures. Again, adjudicative fact determinations should be made based upon a review of admissible evidence.

Because Plaintiff fails to meet her burden on the first factor of the test, it is not necessary to analyze the remaining factors. Thus, material facts remain and she is not entitled to judgment as a matter of law at this time.

In regards to Defendant's Answer, despite Plaintiff's argument to the contrary, the responses provided satisfy the requirements of the Federal Rules of Bankruptcy Procedure. Federal Rule of Bankruptcy Procedure 7008 incorporates, and makes applicable to bankruptcy adversary proceedings, Rule 8 of the F.R.C.P. Rule 8(b)(5) states, "[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so

6

state, and the statement has the effect of a denial." It is clear that Defendant followed this rule when stating in multiple paragraphs "NCT is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph [X]." Def.'s Answer ¶¶ 3-6, 8-9. Thus, such responses meet the criteria of the Federal Rules.

## IV. Conclusion

For the reasoning given above, the Motion for Judgment on the Pleadings is denied. An Order will be entered consistent with the foregoing opinion.

By the Court,

Date: January 2, 2013

Robert N. Opel, II, Bankruptcy Judge
(BI)

7